**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Scott Traudt

    v.                                         Civil No. 10-cv-012-JL

Phillip Roberts, et al.[1]

**O R D E R**

    Scott Traudt has filed this action alleging that defendants violated his federal constitutional and state law rights arising out of his January 14, 2007 arrest. Because this complaint was filed while Traudt was incarcerated, the matter is presently before me for screening pursuant to 28 U.S.C. § 1915A, which requires that complaints filed by prisoners against "a governmental entity or officer or employee of a governmental entity" be screened to identify cognizable claims, dismiss the complaint, or to dismiss any claim that "is frivolous, malicious, . . . fails to state a claim upon which relief may be granted . . . or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a) & (b).

---

[1]Scott Traudt has sued two members of the Lebanon Police Department, Officer Phillip Roberts and Officer Richard Smolenski. Traudt has also named the Lebanon Police Department as a defendant to this action.

Standard of Review

In conducting the preliminary review of a complaint filed pro se, the Court construes all of the factual assertions in the pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals). This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint states any claim upon which relief could be granted, the Court must consider whether the complaint, construed liberally, Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted).  Determining if a complaint sufficiently states such a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950 (citation omitted).

Although the docket in this matter does not reflect that service was made on defendants, the defendants have filed an answer (document no. 2).  As this review is to determine the facial sufficiency of the complaint, this screening neither takes into account nor comments on anything contained in defendants' answer.

## Background

For purposes of preliminary screening, Traudt has alleged the following facts in his complaint.  On January 13, 2007, Traudt and his wife, Victoria, went out to a nightclub where they both drank alcoholic beverages.  Traudt appeared to be intoxicated and at some point an employee of the nightclub told Traudt that he would not be served any more alcohol that evening.

Traudt and Victoria left the nightclub shortly thereafter in their car, with Victoria driving.

Victoria was pulled over on the way home by Lebanon Police Officer Phillip Roberts, who accused her of going through a red light, although Traudt claims the light was yellow when they went through it.  During the stop of the vehicle, Officer Roberts became suspicious that Victoria was intoxicated.  Victoria agreed to perform field sobriety tests.  Officer Roberts conducted those tests on the roadside, assisted by Lebanon Police Officer Richard Smolenski.  During the tests, Traudt got out of the passenger side of his car and asked if Victoria was okay.  Officer Smolenski ordered Traudt to get back into his car.  Traudt remained outside of the car and again asked if Victoria was okay.  Traudt also yelled at Officer Smolenski that he did not have to get back into his car, and that Victoria had the constitutional right not to perform field sobriety tests.

At that point, Officer Roberts called for a third officer to report to the scene.  Officers Roberts and Smolenski then charged at Traudt, grabbed him, forced him to the ground and repeatedly punched, choked, pepper-sprayed, and struck Traudt with a baton.  Once the third officer arrived on the scene, Traudt was handcuffed, arrested, and brought to the Lebanon Police Department ("LPD") where he was kept in handcuffs in a holding

cell.  Traudt states that as a result of the assault he has suffered severe and possibly permanent injuries.

## Discussion

I. <u>Section 1983</u>

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law.  <u>See</u> 42 U.S.C. § 1983[2]; <u>City of Okla. City v. Tuttle</u>, 471 U.S. 808, 829 (1985); <u>Wilson v. Town of Mendon</u>, 294 F.3d 1, 6 (1st Cir. 2002).  In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation.  <u>See</u> <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 692 (1978); <u>Soto v. Flores</u>, 103 F.3d 1056, 1061-62 (1st Cir. 1997).  Here, Traudt claims that the defendants violated his rights under the First and Fourth Amendments of the United States Constitution while acting under

---

[2] 42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

5

color of state law.  Traudt's First and Fourth Amendment claims therefore arise under § 1983.

While the two police officer defendants are "persons" under § 1983, Traudt has sued the LPD for federal constitutional violations committed by its employees under a theory of respondeat superior.  Supervisors may be held liable under § 1983 only for their own acts.  See Ashcroft, ___ U.S. at ___, 129 S. Ct. at 1949 (no supervisory liability in § 1983 actions based on respondeat superior).  The First Circuit, following Ashcroft, held that:

> [S]upervisory liability lies only where an affirmative link between the behavior of a subordinate and the action or inaction of his supervisor exists such that the supervisor's conduct led inexorably to the constitutional violation.  Further, supervisory liability under a theory of deliberate indifference will be found only if it would be manifest to any reasonable official that his conduct was very likely to violate an individual's constitutional rights.

Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009) (internal quotations and citations omitted).  Here, Traudt has not alleged any facts identifying any acts or omissions on the part of the LPD itself or any LPD supervisor that damaged or injured Traudt in any way.  Traudt has not, therefore, sufficiently stated a federal constitutional claim upon which relief might be granted against the LPD.  Accordingly, the First

and Fourth Amendment claims against the Lebanon Police Department are dismissed.

## Conclusion

The federal constitutional claims against the Lebanon Police Department are dismissed. The remaining claims, as set forth in the complaint, are sufficiently stated to proceed.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Date:     May 14, 2010

cc:       Scott Traudt, pro se
          Charles P. Bauer, Esq.